**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 8 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RONALD EARL GADSDEN,

      Plaintiff - Appellee,

 v.

MICHAEL MCGRATH,

      Defendant - Appellant,

and

JOHN GEHRIS,

      Defendant.

No. 23-4038

D.C. No.
3:20-cv-02258-WQH-DEB

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted September 12, 2024
Pasadena, California

Before: SCHROEDER, R. NELSON, and MILLER, Circuit Judges.

Prisoner Ronald Earl Gadsden brought this 42 U.S.C. § 1983 action,

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

claiming that correctional officer Michael McGrath violated the First Amendment by retaliating against Gadsden for requesting a grievance form. McGrath maintained that he did not retaliate against Gadsen when he transferred Gadsden to a different facility and cancelled his scheduled visitations. Rather, McGrath asserts that he took those punitive actions because Gadsen violated prison rules by cursing at and insulting McGrath.

The district court denied McGrath's summary judgment motion, ruling that there was a genuine dispute of fact as to whether his conduct was unlawful retaliation. The court declined to grant qualified immunity because Gadsden's right to be free from retaliation was clearly established. *See Shepard v. Quillen*, 840 F.3d 686, 694 (9th Cir. 2016) ("We have long recognized that a corrections officer may not retaliate against a prisoner for exercising his First Amendment right to report staff misconduct."); *Bruce v. Ylst*, 351 F.3d 1283, 1289–90 (9th Cir. 2003) (holding it is clearly established that officers may not retaliate against a prisoner for filing grievances, even if the officers use an otherwise valid procedure to do so).

On appeal, McGrath disputes the qualified immunity ruling, contending that the district court defined the right at issue too generally and that existing law would not have put a reasonable officer in his position on notice that his actions violated the First Amendment. He contends that none of our cases involved a

request for a grievance form coupled with rule violations like those Gadsden purportedly committed.

We disagree. Our cases make clear that a corrections officer may not transfer an inmate in retaliation for the inmate's attempt to report the officer's misconduct. *See Shepard*, 840 F.3d at 693–94 (holding that "placing a prisoner in administrative segregation following a complaint" violates clearly established law); *Brodheim v. Cry*, 584 F.3d 1262, 1269–73 (9th Cir. 2009) (holding that an inmate may prevail on a First Amendment claim against an officer where the officer threatens to transfer the inmate in retaliation for persistent use of the prison grievance system).

McGrath's assertion that the transfer was instead based on Gadsden's alleged rule violations raises a factual dispute as to whether the transfer was indeed retaliatory, but that is not a dispute that can be resolved on summary judgment. Moreover, prior cases need not involve identical factual circumstances to those faced by an officer to give him objectively fair notice that his conduct violates constitutional rights. *See, e.g., Scott v. County of San Bernardino*, 903 F.3d 943, 951 (9th Cir. 2018). There is evidence that McGrath did not transfer Gadsden or cancel the visitations until he confirmed, hours after the rule violations, that Gadsden still wanted the grievance form. And with that evidence "viewed in the light most favorable to" Gadsden, as it "must be at this point in litigation," *Orn v.*

3                                                              23-4038

*City of Tacoma*, 949 F.3d 1167, 1181 (9th Cir. 2020), McGrath violated clearly established law.

**AFFIRMED.**